**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                                   ACTION NO. 4:05CR35

TORIANNA A. PERRY,

       Defendant.

O R D E R

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the case against the defendant is very strong. The defendant's vehicle was stopped; he ran from the vehicle and threw

down a bag containing 27 baggies of marijuana. He was also found to have $1,625 in cash and 17.7 grams of cocaine.

The defendant is 30 years old and has lived in the Peninsula community for the last 26 years. He has been incarcerated since August of 2004 on state charges arising out of the incident in this indictment. The defendant is single and has two children, ages six and nine. The defendant has no monthly income or assets and his only liability is $7,000 in court fines. He was employed from May of 2004 until August of 2004 as a pipe layer until he was incarcerated on the state charges.

The defendant does not suffer any physical or mental health difficulties and claims to have used marijuana in high school until 1999.

The defendant has an extensive criminal record. He has 25 misdemeanor convictions that include convictions for failure to appear, resisting arrest, petit larceny, and assault and battery. In addition, the defendant has been convicted of felony drug charges in 1998, possession with intent to distribute cocaine in 2000, and habitual offender status in 2000. At the time of the commission of the offenses in this case the defendant was both on parole supervision and probation supervision. The defendant appears to be no respecter of court orders or requirements and, based on the frequent failures to appear, the defendant would not likely appear if bond were issued in this case.

The Court also FINDS the defendant is a danger to the community based on the nature of the alleged present offenses, the defendant's prior criminal record, and his self-reported drug abuse history.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See <u>United States v. Williams</u>, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 23, 2005